CAROLINE A. McCREADY et al., as Trustees, etc., et al., Respondents, v. THE METROPOLITAN ELEVATED RAILWAY COMPANY and Others, Appellants.

*Measure of damages to real property by the operation of an elevated railroad — disadvantages and advantages considered — decrease in rental.*

In an action brought to recover past and fee damages caused by the appropriation, of the easements appurtenant to certain premises, by an elevated railway, the court found that the maintenance and operation by the defendants of their elevated railway structure and the additions thereto, including the switch tower and track house and planking between the tracks for the convenience of the defendants' employees, and the third and extra set of ties over the avenue in front of the plaintiffs' premises, and the passage of numerous and frequent trains over such elevated structure constituted an inconsistent and excessive street use and trespass upon the plaintiffs' easements and rights of property for which the plaintiffs were entitled to damage.

*Held*, that such conclusion was erroneous; that the existence of all the elements recited in the finding did not absolutely entitle the plaintiff to damages;

That the plaintiff was not entitled to damages except to the extent, if any, by which the disadvantages caused by the railway exceeded the advantages thereof to the premises in question.

A decrease in the rental value of property abutting on a street over which an elevated railroad is constructed, which occurred long after the elevated railroad had been built and in operation, cannot be attributed to it, but must necessarily have arisen from other causes.

APPEAL by the defendants, The Metropolitan Elevated Railway Company and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 1st day of September, 1893, rendered upon the decision of the court after a trial at the New York Special Term.

*A. O. Townsend*, for the appellants.

*W. P. Prentice*, for the respondents.

VAN BRUNT, P. J. :

This action was brought to recover past damage and fee damage caused by the appropriation of the easements appurtenant to the premises on the northwest corner of Ninth avenue and Sixty-third street by the defendants for their elevated railway.

The questions presented are as to the excessive amount of damage allowed, and as to the error of the court in its finding. The court found that the maintenance, use and operation by the defendants of their elevated railway structure and the additions thereto, including the switch tower and track house and planking between the tracks for the convenience of the defendants' employees, and the third and extra set of ties over the avenue in front of plaintiffs' premises, and the passage of numerous and frequent trains over such elevated structure, constituted an inconsistent and excessive street use and trespass upon the plaintiffs' easements and rights of property for which the plaintiffs are entitled to damages.

In making this finding it seems to us that the learned court erred. The existence of all the elements recited in the finding does not absolutely entitle the plaintiff in cases of this description to damages. Other elements must be proved, as has been established by repeated decisions of the court of last resort, and, notwithstanding the existence of all the elements mentioned, a party may not be entitled to damage. In this statement the question of benefits seems to have been entirely lost sight of. It is true that in other parts of the conclusion of law the court found that the plaintiffs are not entitled to *injunctive relief*, unless they have proved that the interference with the easements appurtenant to the premises in suit resulted in substantial pecuniary damage to the same, and that the actual market value of the premises would be greater if the defendants' railroad in front thereof had not been built, and that the plaintiffs are not entitled to recover damages in this action except to the extent, if any, by which the disadvantages of the defendants' road have exceeded the advantages thereof to said premises. But in view of the award which has been made in this case it would seem that the first proposition found was the one upon which the court below acted. Prior to the year 1888 the premises had virtually been vacant, being used as a coal yard. There is no claim that their rental value for such purpose was

affected by the presence of the elevated railroad. The apartment house and stores which were upon the premises at the time of the trial appear to have been built about 1888, and the premises were bought by the plaintiff in 1889, eleven or twelve years after the elevated railroad had been in operation, and the tracks in substantially the same condition as they were at the time of the trial. And yet it has been found by the court that between 1889 and 1893 the rents of the premises in question have decreased in consequence of the maintenance and operation of the elevated railroad. We are unable to see how it is possible that to conditions existing in substantially the same state can be ascribed a fall in the rents of the premises in question. In fact it would rather appear that the fall arose from the fact that too high rents were demanded by the plaintiffs on their purchase, and when they had to take less it was claimed that the rents had fallen. And that such was the case is evidenced by the testimony of the witness Hughes, who was in charge of the premises in question.

As already intimated, we cannot understand how a decrease in rents which has occurred long after the elevated road has been built and in operation, can be attributed to it. Such decrease must necessarily arise from other conditions, not from those which have been in existence for years.

We think that this is the difficulty which has pervaded the conclusion of the learned judge throughout the whole of this case; and that the fee damage has been largely augmented by a supposed decrease in rents, arising from the operation of the elevated railroad, when such decrease must necessarily be ascribed to some other cause, for the reason that a cause existing for ten or twelve years cannot, without some change in its conditions, evolve additional damages.

We think, therefore, that error was committed which has pervaded this judgment, and which calls for its reversal.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.